UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br><br>       Debtor. | Jointly Administered Under:<br>No. 04-00757-W11<br>Chapter 11 |
| In Re:<br><br>SUMMIT SECURITIES, INC.,<br><br>       Debtor. | |
| METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>SARAH EMMA QUINN,<br><br>       Defendant. | Adversary No. 06-80028-PCW<br><br>**FILED**<br><br>AUG - 8 2006<br><br>T.S. McGREGOR, CLERK<br>U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF WASHINGTON |
| METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>WILLIAM F. SANDIFUR and KAREN<br>SANDIFUR, husband and wife,<br>and their marital community,<br><br>       Defendants. | Adversary No. 06-80029-PCW<br><br>MEMORANDUM DECISION RE:<br>DEFENDANTS' MOTIONS FOR PARTIAL<br>JUDGMENT ON THE PLEADINGS |

Metropolitan Mortgage & Securities Co., Inc., is a Chapter 11 debtor and has brought these consolidated adversary proceedings

MEMORANDUM DECISION RE: . . . . - 1

against two stockholders seeking to recover stock dividends distributed to the defendants. The defendants filed motions to dismiss certain causes of action in the Complaints pursuant to B.R. 7012 and argue that, based solely on the allegations in the Complaints, dismissal is appropriate. For purposes of the motions, it will be assumed that the allegations in the Complaints are true.[1] *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Complaints allege that at the time of the distributions to the defendants,[2] the debtor plaintiff was insolvent or was rendered insolvent by the distributions. Because the corporation was insolvent or was rendered insolvent by the distributions, arguably the distributions were unlawful and may be recouped. The Complaints do not allege that either defendant had any knowledge of the debtor plaintiff's financial affairs nor any role in its management or operation. Both defendants are family members of the individual who controlled the corporation at the time of the distributions. Evidence in the underlying Chapter 11 demonstrates that stock of the corporate plaintiff was publically traded at the time these distributions occurred and that it had thousands of stockholders. Distributions to other stockholders were also

---

[1]The two consolidated Complaints allege various causes of action. Only state law causes of action are at issue in the Motions to Dismiss. Those arising under 11 U.S.C. §§ 502(d) and 548 of the Bankruptcy Code are not subject to the pending Motions to Dismiss on the Pleadings and remain to be resolved.

[2]As alleged in the Complaints, the defendants were beneficiaries of trusts and the distributions were made to the trusts for the benefit of the defendants.

MEMORANDUM DECISION RE: . . . - 2

occurring. These defendants, over the course of approximately four years, received in excess of half a million dollars in distributions.

## LEGAL ISSUES

1. Do the provisions of RCW 23B.06, etc., and .08, etc., imply a cause of action against the defendants?

2. Has the cause of action granted in RCW 19.40, etc., been superseded by the provisions of RCW 23B.06.400?

## RCW 23B.06 AND .08

In 1989, the Washington legislature replaced the state statutory scheme relating to business corporations previously codified as RCW 23A with a new scheme codified as RCW 23B, and titled, "Washington Business Corporations Act." That statutory scheme governs the formation, registration and dissolution of for-profit corporate entities and their corporate governance. RCW 23B.06 focuses on shares of stock: their issuance, record keeping and transfers and also distributions, based on ownership of shares. Subsection 400 provides that directors of a corporation may authorize distributions or dividends based on ownership of shares, unless the corporation is insolvent or the distribution would render the corporation insolvent or unable to meet its financial obligations. Distributions under such circumstances are prohibited by RCW 23B.06.400.

RCW 23B.08, et. seq., is titled, "Directors and Officers." That portion of the statutory scheme addresses the selection and powers of directors, their duties and responsibilities, and operational matters such as meetings, quorums, etc. Subsection 310 is the specific statute relied upon by the debtor plaintiff in

MEMORANDUM DECISION RE: . . . - 3

these adversary proceedings. Titled, "Liability for unlawful distributions," that statute provides that directors who assent to distributions made in violation of RCW 23B.06.400 are personally liable to the corporation for the amount of the wrongful distributions. Such a director is entitled, under RCW 23B.06.310(2), to contributions from other directors and from shareholders who received such distributions, if the shareholder knew the distributions were made in violation of RCW 23B.06.400.

### Does an Implied Cause of Action Exist in Favor of the Debtor Plaintiff Against These Defendants?

RCW 23B.08.310 provides the debtor plaintiff with an express cause of action and a remedy against its directors who assent to and effectuate unlawful distributions. The debtor plaintiff argues that this statute implies a cause of action on behalf of the corporation against shareholders. That implied cause of action, argues the debtor plaintiff, is against not just shareholders who received the distribution with knowledge of the insolvency, but against any shareholder who received a distribution. The result of applying debtor plaintiff's argument is that the expressly granted cause of action to directors to recover from shareholders is narrower than the implied cause of action to corporations to recover from shareholders, as the implied cause of action does not contain a necessary element of the express cause of action, i.e., shareholders' knowledge of the corporation's insolvency.

In order for an implied cause of action to exist, Washington courts have determined that certain conditions must be met; (1) The debtor plaintiff must be in the class of persons for whose benefit the statute was enacted, (2) There must be some demonstration of

MEMORANDUM DECISION RE: . . . - 4

legislative intent to create a cause of action, and (3) The implied cause of action must be consistent with the underlying purpose of the legislation. *M.W. v. Department of Social and Health Services*, 149 Wn.2d 589, 70 P.3rd 954 (2003).

### Persons Intended to be Benefitted

RCW 23B.08.310 expressly grants the corporation a cause of action against directors, although it does not grant the corporation a cause of action against shareholders. Should the legislature have desired to grant such a cause of action to corporations, it could easily have done so in the statute, but it did not. A reading of the statute leads to the conclusion that the legislature, which did grant a cause of action to the directors against shareholders, did not intend the corporation to hold such a cause of action. This extrapolation of intent from the statutory language is strengthened by the fact that recently the legislature amended RCW 23B.08.310 to provide that the corporation may recover distributions from a shareholder if that shareholder knew the distribution was in violation of RCW 23B.06.400. The only conclusion which can be drawn is that when it first enacted RCW 23B.08.310, the legislature did not intend corporations to hold such causes of action against shareholders. The class of persons whom the cause of action against shareholders was intended to benefit is the directors.

### Intent to Create Cause of Action

When the legislature declares particular conduct to be unlawful or prohibited but does not provide a course of redress to persons injured by that conduct, courts have presumed that the legislature intended the persons harmed to have a remedy. "Equity

MEMORANDUM DECISION RE: . . . - 5

will not suffer a wrong without a remedy." 1 Pomeroy's Equity Jurisprudence, 4th Ed., § 423-424. In this situation, the unlawful activity is the distribution of funds to stockholders during or causing insolvency of the corporation. The legislative right to redress that wrong is the corporation's right to recover the distribution from the wrongdoer, i.e., the directors. Not only did the legislative intend to provide redress, it expressly did so. If the legislature had intended to create a cause of action against other persons such as stockholders, it could easily have done so in the initial enactment.

### Underlying Purpose of Legislation

The existence of a cause of action against shareholders who have no knowledge that the distributions occurred in violation of RCW 23B.06.400(2) would not be consistent with the statutory language. The statute limits the directors' rights to recover distributions from stockholders to those who accepted the distributions with such knowledge. The Complaints do not allege these defendants had any such knowledge. The recent amendments to RCW 23B.08.310 now allow corporations the right to recover such distributions from shareholders but also limit that right to shareholders with knowledge that the distributions violated RCW 23B.06.400. Expanding the right of recovery to the thousands of shareholders of public companies who play no role in the corporations' affairs would be contrary to the underlying theory of shareholder liability in corporate organizations. It would also be contrary to the legislative intent expressed in the statute.

RCW 23B.06.400 defines the unlawful conduct and RCW 23B.08.310 provides the right of redress. The debtor plaintiff has not

MEMORANDUM DECISION RE: . . . - 6

demonstrated that an implied cause of action exists in favor of the debtor plaintiff against these defendants. Debtor plaintiff has rights of recovery against its directors as provided in RCW 23B.08.310 and is free to pursue those rights. It has no rights of recovery against these shareholders under the applicable enactment of RCW 23B.08.310.

### Has the Cause of Action Provided in RCW 19.40 Been Superseded by RCW 23B.06.400?

The Uniform Fraudulent Transfer Act codified at RCW 19.40, etc., generally provides that creditors of an insolvent corporation may set aside transfers made by the corporation if the corporation did not receive reasonably equivalent value at the time of the transfer. Those causes of action granted to creditors may be exercised by the insolvent corporation if it becomes a debtor in bankruptcy. 11 U.S.C. §§ 544(b) and 550. There is no dispute that this debtor plaintiff has been granted standing to pursue rights under RCW 19.40, etc., by the Bankruptcy Code. The issue is whether the causes of action granted in RCW 19.40, etc., if such causes of action arise from distributions based on stock ownership, have been extinguished and superseded by the enactment of RCW 23B.06.400.

### Cause of Action Under RCW 23B.06.400

RCW 23B.06.400(6) reads:

> In circumstances to which this section and related sections of this title are applicable, such provisions supersede the applicability of any other statutes of this state with respect to the legality of distributions.

The circumstances to which RCW 23B.06.400 is applicable are those in which directors authorize and corporations make

MEMORANDUM DECISION RE: . . . - 7

distributions to stockholders based upon stock ownership. RCW 23B.06.400(a). That is the specific topic addressed in this particular statute. Thus, in determining whether such distributions are unlawful, one must look solely to RCW 23B.06.400 or related provisions of RCW 23B, which would include RCW 23B.06.310, rendering it unlawful for directors to make distributions when the corporation is insolvent or would be rendered insolvent by such distributions. RCW 19.40 addresses transfers made by persons or corporations and obligations incurred by persons or corporations. It is a statute of general applicability relevant to many different circumstances, situations and entities. RCW 23B.08.400, however, relates to specific types of transfers to a specific group of recipients made only by for-profit corporations. It does not at all relate to the incurring of obligations. It is certainly the more specific statute, and RCW 23B.06.400(6) has removed its subject matter from the more general applicability of RCW 19.40.

The language of RCW 23B.06.400(6) deprives the debtor plaintiff of a cause of action under RCW 19.40 if such cause of action relates to the unlawful nature of a stock dividend as these Complaints allege. Because the statute is unambiguous and its meaning is clearly articulated in its express language, there is no need to resort to a review of the legislative history. Although the debtor plaintiff argues that the statute is ambiguous, a review of the legislative history reflects that the legislative intent is articulated in the statute and that the statute means what it says. The commentary associated with RCW 23B.06.400 reads:

MEMORANDUM DECISION RE: . . . - 8

> The Proposed Act establishes the validity of distributions from the corporate law standpoint under Proposed section 6.40 and determines the potential liability of directors for improper distrubtions under Proposed sections 8.30 and 8.31. The federal Bankruptcy Act and state fraudulent conveyance statutes, on the other hand, are designed to enable the trustee or other representative to recapture for the benefit of creditors funds distributed to others in some circumstances. <u>In light of these diverse purposes, and to minimize management difficulties in administering the statutes, Proposed subsection 6.40(f) provides that the provisions in this title supersede those of the state fraudulent conveyances act in determining the legality of a distribution</u>.

Comments, Washington Business Corporation Act, 1989 Journal of the Senate at 3009 (emphasis added).

In conclusion, no cause of action exists under RCW 19.40.041, .051 or .071 under the circumstances of this case. The sole causes of action relating to alleged unlawful distributions of corporate funds to stockholders based upon stock ownership are those set forth in RCW 23B.06 and RCW 23B.08. Unfortunately for debtor plaintiff, no right to sue has been granted the debtor corporation under the applicable enactment of RCW 23B.06.310. Consequently, the first and second causes of action in the Complaints, which are based on Washington state law, must be dismissed, and the defendants' Motions to Dismiss are **GRANTED**.

DATED this 8th day of August, 2006.

PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 9